UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS M. MCKEON

        Plaintiff,

vs.                                         **COMPLAINT**

THE CITY OF NEW YORK, a municipal entity,
POLICE OFFICER AJMAL (shield number 6773),
POLICE OFFICERS JOHN DOE and RICHARD ROE
(names and number of whom are unknown at present),
and other unidentified members of the New York City
Police Department, New York City Police Supervisors
and Commanders RICHARD ROEs 1-50,

                                                    **JURY TRIAL**
                                                    **DEMANDED**

        Defendants
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the Plaintiff, THOMAS M. MCKEON, seeks relief for the Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff was falsely arrested by the Defendants, members of the New York City Police Department (hereinafter "NYPD"), maliciously prosecuted, and subjected to excessive force.

2.     Defendant City of New York (hereinafter "Defendant CITY") is liable for the individual Defendants' acts under the theory of *respondeat superior*. At the time of the incidents, they were acting under color of state law in the course and scope of their employment at Defendant CITY and/or the NYPD, an agency of Defendant CITY.

3.     As a result of the aforementioned constitutional violations, Plaintiff suffered

1

...otional, mental and psychological pain, and suffered physical injuries.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

5. Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

7. Plaintiff is and was at all times relevant herein a resident of the State of New York.

8. Defendant AJMAL, shield number 6773, is and was at all times relevant herein a police officer, employee, and agent of the NYPD. On August 18, 2011, he was assigned to Staten Island Task Force, which was located in the New Dorp area of Staten Island. He is being sued in his individual capacity.

9. New York City Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD, are and were at all

2

times relevant herein officers, employees and agents of the NYPD. Officers John Doe and Richard Roe are being sued herein in their individual capacities.

10. New York City Police Supervisors and Commanders Richard Roes 1-50 are and were at all times relevant herein involved in the false arrest and malicious prosecution of Plaintiff. They are sued individually and in their official capacities for their participation in the false arrest and malicious prosecution of Plaintiff.

11. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of Defendant CITY and/or the NYPD when engaging in the conduct described herein.

12. At all times relevant herein, Defendants acted for and on behalf of Defendant CITY and/or the NYPD in furtherance of their employment by Defendant CITY, with the power and authority vested in them as officers, agents and employees of Defendant CITY and/or the NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of Defendant CITY and/or the NYPD.

13. Defendant CITY is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

14. On August 18, 2011, Plaintiff lived at 4310 Victory Blvd., Staten Island, New York 10314. He lived there with his girlfriend.

15. Plaintiff was sixty-one years old at the time. He was retired from the New York City Housing Authority.

16. On Thursday, August 18, 2011, Plaintiff was at home and eating dinner with his girlfriend.

17. After dinner, Plaintiff proceeded to walk up the block. While walking, he noticed a crane that had downed some power lines.

18. Plaintiff proceeded to the accident location and observed police officers assisting Con Edison workers, who were repairing the downed power lines. The police officers were providing traffic control.

19. Plaintiff approached defendant Ajmal and spoke to him about the accident. After the conversation, Plaintiff proceeded to a tavern located down the street.

20. After Plaintiff exited the tavern, he again spoke to defendant Ajmal regarding the accident.

21. Unexpectedly, Plaintiff was tackled and blindsided by another unidentified officer, without justification, while he was talking to defendant Ajmal.

22. Plaintiff never exhibited any threatening behavior, or any other behavior which would have justified being tackled and blindsided.

23. Plaintiff asked the unidentified officer why he tackled him and then the unidentified officer stated he could do what ever he wanted.

24. Afterwards, the unidentified officer ordered defendant Ajmal to arrest Plaintiff. Plaintiff was then arrested, handcuffed, and placed in the back of a police vehicle.

25. Plaintiff requested medical attention.

26. Specifically, Plaintiff complained of pain to his knee and back because of being

4

tackled.

27. The Defendants refused to comply.

28. The Defendants began to mock Plaintiff.

29. After his arrest, Plaintiff called his girlfriend on his cellular phone and told her what happened. Eventually, Plaintiff's girlfriend arrived at the scene.

30. The unidentified officer, who tackled the Plaintiff, approached her. While attempting to ask Officer Ajmal what happened, the unidentified officer began to yell and scream at her.

31. The police officers threatened to arrest her.

32. Plaintiff was transported to the 122nd Precinct to be processed. He was later transported to Central Booking at the 120th Precinct.

33. Plaintiff was held in a holding cell until the morning of August 19, 2011. Plaintiff continued to request medical attention; however, the defendants continued to deny his requests.

34. In addition, Plaintiff was held in a cell that contained an overflowing toilet and had to stand in a pool of urine all night.

35. Plaintiff was released on August 19, 2011 at about 8:30 A.M. Plaintiff was held for over twelve hours. Plaintiff was served with a summons, charging him with Disorderly Conduct.

36. Despite having no probable cause to arrest and prosecute Plaintiff, Defendants New York City Police Supervisors and Commanders Richard Roes 1-50, who were the supervising officers, reviewed, approved, and ratified the arrest of Plaintiff.

37. On October 27, 2011, Plaintiff was arraigned and pled not guilty.

38. Plaintiff was released on his own recognizance.

39. On December 6, 2011, a trial commenced. On December 7, 2011, Plaintiff was acquitted.

### Plaintiff's Injuries and Damages

40. As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiff:

    (1) Suffered severe emotional and mental anguish and pain;

    (2) Suffered psychological injuries;

    (3) Suffered physical injuries;

    (4) Were denied their state and federal constitutional rights and liberties;

    (5) Were publicly shamed, disgraced, ridiculed and humiliated and suffered damage to reputation;

    (6) Incurred lost earnings;

    (7) Continue to suffer from psychological injuries, emotional and mental anguish and pain; and

    (8) Incurred other items of attendant damages.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff' Fourth and Fourteenth Amendment Rights

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42. Defendant AJMAL and the other police officer defendants who were acting within the scope of their employment, arrested and caused Plaintiff to be imprisoned without probable

cause in violation of Plaintiff' right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Malicious Prosecution/Fourth Amendment Rights

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 42, with the same force and effect as if more fully set forth at length herein.

44. The acts and conduct of Defendant AJMAL and the other police officer defendants constitute malicious prosecution under the Fourth Amendment to the Constitution of the United States. Defendant AJMAL and the other police officer defendants commenced and continued a criminal proceeding against Plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to Plaintiff when on or about, December 7, 2011, Plaintiff was acquitted of all charges.

## THIRD CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 44 with the same force and effect as if more fully set forth at length herein.

46. The use of excessive force by the police officer defendants in striking Plaintiff was an objectively unreasonable physical seizure of Plaintiff in violation of his rights under the Fourth Amendment of the United States Constitution.

Case 1:12-cv-05829-ARR-JXA   Document 1   Filed 11/27/12   Page 8 of 10 PageID #: 8


## JURY DEMAND

47. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

b. For compensatory damages in an amount to be determined;

c. For punitive damages in an amount to be determined;

d. For reasonable attorneys' fees, together with costs and disbursements, pursuant to § 1988 and this Court's discretion;

e. For pre-judgment interest as allowed by law; and

f. For such other and further relief as this Court may deem just and proper.

DATED:   November 21, 2012
         Staten Island, New York

                                        Yours, etc.

                                        _____
                                        By: Raymond L. Rodriguez, Esq.
                                        (RR )
                                        404 Manor Road, Second Floor
                                        Staten Island, New York 10314
                                        (718) 619-3547

                                        _____
                                        By: Anthony Cecutti, Esq.
                                        (AC 5867)
                                        100 Lafayette Street, Suite 401
                                        New York, New York 10013
                                        (917) 741-1837

TO: CITY OF NEW YORK
c/o Corporation Counsel
100 Church Street
New York, New York 10007

POLICE OFFICER AJMAL
(shield number 6773)
Staten Island Task Force

## **VERIFICATION**

State of New York     )
                                  )     ss.:
County of Richmond  )

THOMAS M. MCKEON, being duly sworn deposes and says that deponent is the Plaintiff, in the within action; that he has read the foregoing Complaint and knows the contents thereof; that the same is true to deponents own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to matters' deponent believes to be true.

*Thomas M. McKeon*
THOMAS M. MCKEON

Sworn to before me this
23rd day of November 2012

RAYMOND L. RODRIGUEZ
Notary Public, State of New York
No. 02RO6018398
Qualified in Richmond County
Commission Expires 01/11/2015